```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

MICHAEL CARTER, Trustee of          :
the S.F.S.K. DEPENDENT TRUST,       :
                                    :
    Plaintiff,                      :
                                    :
    v.                              :     CASE NO. 3:06cv1351(AWT)
                                    :
CHRISTINE MARBURG WOLF, SALLY       :
O'BRIEN AND SALLY O'BRIEN &         :
ASSOCIATES, INC.,                   :
                                    :
    Defendants.                     :

<u>RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO QUASH</u>

Pending before the court is the defendant's motion for a protective order and to quash. (Doc. #111.) The defendant seeks an order quashing notices the plaintiff issued for the deposition of the defendant's children and prohibiting their deposition.

The defendant's children are not parties to this litigation. It is undisputed that the plaintiff did not serve the children with subpoenas as required by Fed. R. Civ. P. 45. Rather the plaintiff issued notices of deposition to defense counsel. A subpoena, as opposed to a notice of deposition, is the proper means to compel the deposition of a third party witness.[1] Accordingly, the defendant's motion to quash the notices is granted. See <u>Lyman v. Pizzola</u>, No. 06-CV-1109, 2008 WL 824290, at *1 (N.D.N.Y. Mar. 28, 2008) (when deponent is not a party, "a notice of deposition is ineffective to compel his appearance for a deposition and that deposition [can] only be obtained . . . pursuant to Rule 45.")

---

[1] The plaintiff does not contend otherwise. (Doc. #122 at 5.)

The defendant also seeks a protective order pursuant to Fed. R. Civ. P. 26(c) prohibiting the plaintiff from serving deposition subpoenas on the children. Rule 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Generally, a party to a matter is allowed to 'take the testimony of any person . . . by deposition upon oral examination . . . .' Fed. R. Civ. P. 30(a). However, Rule 26(c) authorizes courts, for good cause, to 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . .'" Bey v. City of New York, No. 99 Civ. 3873, 2007 WL 3010023, at *1 (S.D.N.Y. Oct. 15, 2007).

As grounds for her motion for protective order, the defendant argues that whatever information the children possess can be obtained from others. She also indicates that one of the children has a health condition for which she requires daily medication.

The defendant has not established that a protective order is required to protect the deponents "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Because she has not met her burden of demonstrating good cause, the defendant's motion for a protective order is denied.

SO ORDERED at Hartford, Connecticut this 8th day of January, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

2