UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL CARTER, TRUSTEE OF    :
THE S.F.S.K. DEPENDENT        :
TRUST                         :
                              :
V.                            :    CIV. NO. 3:06CV1351 (HBF)
                              :
CHRISTINE MARBURG WOLF        :

RULING ON PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND COSTS [doc. #242]

Pending before this Court is plaintiff's Motion for
Attorney's Fees and Costs [doc. #242]. Plaintiff seeks an award
of $378,000.07 in attorney's fees and $10,270.04 in costs, for a
total of $388,270.11.  For the reasons that follow, the Court
awards plaintiff $229,942.20 in attorney's fees and costs.

I.   **BACKGROUND**

Plaintiff Samuel Verkaik, the trustee for the SFSK
Dependent Trust, filed this diversity action on August 30, 2006,
against defendant Christine Wolf. It arises out of a dispute
over a residential lease, and alleged breach of contract with
regard to unpaid rent; breach of contract with regard to
unauthorized modifications to the premises; breach of contract
with regard to damage to the property; breach of contract with
regard to the loss of personal property; breach of contract with
regard to additional lease violations; conversion, and
intentional tort.

1

Defendant asserted a number of affirmative defenses and counterclaims. A court trial was held January 23 through January 27, and February 6, 2012. On September 28, 2012, this Court issued findings of fact and conclusions of law [doc. #240] and on October 2, 2012, judgment entered in favor of plaintiff and against defendant in the amount of $188,096.60. At trial, plaintiff prevailed on Counts One for breach of contract as to unpaid rent, and Two for breach of contract as to unauthorized modification; and defendant prevailed on her counterclaims for breach of contract with regard to the security deposit and violation of Conn. Gen. Stat. § 47a-21(h)(1).

Plaintiff filed a motion for attorney's fees pursuant to paragraph 13(c) of the Lease [Pl.'s Ex. 7] which provides that, "you will pay us all lost rent and other damages or costs we may incur because of your broken promises. These costs may include the expenses of a lawyer, if we hire one, to the extent permitted by law."

II.        **LEGAL STANDARD**

"In diversity cases, attorney's fees are considered substantive and are controlled by state law." U.S. v. One Parcel of Property Located at 414 Kings Highway, No. 5:91-CV-158 (EBB), 1999 WL 301704, at *4 (D. Conn. May 11, 1999) (citations omitted); see also Kaplan v. Rand, 192 F.3d 60, 70 (2d Cir.

2

1999). Under Connecticut law, "a contract clause providing for reimbursement of 'incurred' fees [as opposed to 'reasonable' fees] permits recovery upon the presentation of an attorney's bill, so long as that bill is not unreasonable upon its face and has not been shown to be unreasonable by countervailing evidence or by the exercise of the trier's own expert judgment." Storm Assoc., Inc. v. Baumgold, 186 Conn. 237, 245 (1982). "Under such contracts, the prevailing party discharges its burden merely by providing the court with evidence showing the services provided by counsel with respect to the breach of contract and the fees charged for those services." LaPlante v. Estano, No. 3:04CV322 (CFD), 2007 WL 2789429, at *1 (D. Conn. Sept. 25, 2007)(citing Francis T. Zappone Co. v. Plymouth Commons Realty Corp., No. CV0208206841, 2004 Conn. Super. LEXIS 1967, at *17 (Conn. Super. Ct. July 28, 2004)). "If the prevailing party makes such a showing, the burden then shifts to the breaching party to 'establish that such fees were unreasonable, either because they were billed at unreasonably high rates or because they were actually incurred for a wholly unrelated purpose.'" Id.[1]

---

[1] The Court notes that the application of the Johnson factors to determine reasonable attorney's fees pursuant to contractual fee shifting provisions was recently rejected by the Connecticut Appellate Court in Electrical Wholesalers, Inc. v. V.P. Elec., Inc., 132 Conn. App. 843 (2012) (holding that trial court did not abuse its discretion by failing to apply Johnson factors in breach of contract action, where Johnson factors were applied exclusively in awarding attorney's fees under the CUTPA).

### III.   DISCUSSION

Plaintiff seeks an award of $378,000.07 in attorney's fees and $10,270.04 in costs, for a total of $388,270.11. Plaintiff seeks attorney's fees in the amount of $323,047.30 on behalf of the Marcus Law Firm; $20,000 on behalf of Attorney Norman Pattis, plaintiff's predecessor counsel; and $34,952.77 on behalf of Diserio Martin O'Connor and Castiglione, LLP, counsel for plaintiff in a separate case against AIG.  In support of the application, plaintiff has provided itemized bills from the Marcus Law Firm; a verified bill of costs totaling $8,447.54; itemized bills from Diserio Martin O'Connor & Castiglioni; an affidavit from Attorney Pattis attesting to payments he received from plaintiff; and bills from witnesses Eric Sweet and Rick DeBeradinis.

### A. Attorney Norm Pattis

With regard to the fees requested on behalf of Attorney Pattis, the Court finds that plaintiff has failed to meet his burden of providing the court with evidence showing the services provided by counsel with respect to the breach of contract and the fees charged for those services. In support of these fees, Attorney Pattis submitted an affidavit stating, "[I] cannot locate my billing records regarding the above matter" but that, "I do recall that the Plaintiff in the above matter did pay my

4

office the sum of Twenty Thousand Dollars ($20,000.00) with regard to my representation of the Plaintiff in the above matter". [doc. #242, at 10-11, ¶¶ 4-4]. Although the Court does not question Attorney Pattis's recollections, these statements alone are insufficient to allow the Court to meaningfully review the reasonableness of the fee requested. As such, the Court denies the request for fees paid to Attorney Pattis.

### B. Diserio Martin O'Connor & Castiglioni

Plaintiff seeks reimbursement for fees paid out to the law firm Diserio Martin O'Connor & Castiglioni, which represented him in an unrelated lawsuit against AIG insurance for claims under plaintiff's home owners insurance policy.  During the course of trial, defendant introduced evidence that plaintiff settled his case with AIG for $88,000. The Court found that the defendant was entitled to a credit of $88,000 in this case, because the language of the settlement agreement between plaintiff and AIG unequivocally stated that the $88,000 settlement was intended to compensate plaintiff for his claims under the home owner's insurance policy for damage to the property caused by the Wolf tenancy.

The Court finds that these fees paid to Diserio Martin O'Connor & Castiglioni are not recoverable pursuant to the lease. The terms of the lease are clear that plaintiff is

5

entitled to attorney's fees incurred in enforcing broken promises in the lease. Plaintiff's claims against AIG were brought under the homeowner's insurance contract, the enforcement of which is beyond the defendant's responsibility. Any offset by the Court was to prevent a windfall to plaintiff whereby he would recover twice for the same item of damage and does not alter the language in the lease.

### C. Marcus Law Firm

Plaintiff seeks fees for Attorneys Edward Marcus, John Rubrich, Shelley Marcus, and Mark Bergamo, and for Paralegals Dana Wellner and Carol Massaro. Plaintiff requests the following hourly rates:

- For Attorney Edward Marcus, $410 for work done in 2011 and $420 for work done in 2012.

- For Attorney John Rubrich, $310 and $320 for work done in 2009; $330 for work done in 2010; $340 for work done in 2011; and, $350 for work done in 2012.

- For Attorney Shelley Marcus, $330 for work done in 2009; $340 for work done in 2010; $350 for work done in 2011; and, $360 and $370 for work done in 2012.

- For Attorney Mark Bergamo a fee of $310 for work done in 2009, and $340 for work done in 2012.

- For Dana Wellner an hourly fee ranging from $95 to $135 an hour, and for Carol Massaro, $135.

The defendant does not contest the reasonableness of the hourly rates sought. The defendant however makes several

6

arguments in support of reducing the amount of attorney's fees plaintiff should be awarded pursuant to the Lease. First, defendant argues that plaintiff should not be awarded fees incurred for defending against the counterclaims on which defendant prevailed. Second, defendant argues that the limited results obtained by plaintiff require a substantial reduction in fees. Third, defendant argues that the vague billing entries merit a percentage reduction. And, finally, defendant argues that travel time should be compensated at 50 percent of an attorney's hourly rate.

   1.   Counterclaims

     Defendant argues that the fees incurred in defending against the counterclaims are not recoverable under the contractual attorney's fees provision. The defense of the counterclaims on which defendants prevailed -failure to deposit security deposit in escrow account as required by Connecticut General Statutes- did not affect the plaintiff's right to recovery under the Lease. As such, they are separate and apart from the claims for which plaintiff is entitled to recover attorney's fees under the contract. See Diamond D Enterprises USA, Inc. v. Steinsvaag, 979 F.2d 14, 18 (2nd Cir. 1992) (concluding that "where a fee applicant recovers on a claim subject to a contractual attorney's fee provision and in the

process litigates a counterclaim on which he must prevail in order to recover on his claim, then the fee applicant is entitled to his attorney's fees for both the claim and the counterclaim.").  Notwithstanding the contractual limitation on recovering fees incurred in the defense of the successful counterclaims, having presided over the trial, the undersigned is aware that the amount of time devoted to this defense was negligible, where the bulk of the case was devoted to the issue of the unauthorized modifications made to the home and proof of damages.  As such, the Court finds that no reduction is warranted on this basis.

   2. Limited Results

   Next, the defendant argues that the fees should be reduced because plaintiff only prevailed on two out of the seven counts. Defendant relies on Bristol Tech., 127 F. Supp. 2d 64 (D. Conn. 2000), arguing that attorney's fees should not be awarded for unsuccessful claims involving unrelated work. In Bristol Tech, Judge Hall summarizes the legal principles that apply when awarding attorney's fees under Connecticut state law where the party prevailed on a CUTPA claim, which awards attorney's fees, and did not prevail on the antitrust claims. Here, plaintiff prevailed on his claim for lost rent and unauthorized modification, but did not succeed on claims for damage to the

8

property, loss of personal property, conversion, and other minor
lease breaches. Although arising out of the same lease, each
claim sought distinct and separate damages for different losses
under different provisions in the Lease. See Francis T. Zappone
Co. v. Plymouth Commons Realty Corp., 2004 WL 1891014, at *11,
CV020820681S (Conn. Super. Ct. July 28, 2004)(finding that under
Connecticut Supreme Court precedent "when a plaintiff makes
several claims in a single lawsuit that are unrelated, in the
sense that they do not seek the same or similar damages for a
single set of losses, but instead seek different damages for
different losses allegedly suffered in discrete and different
transactions, the successful prosecution of one or more such
unrelated claims does not signal success on, or warrant the
awarding of attorney's fees for hours worked in prosecuting, any
of his other unrelated claims."). As in Bristol Tech, the Court
declines to award fees incurred on the unsuccessful claims.
However, where "there is no reasonable way to segregate
counsel's time ... by claim," the parties' claims were
"interrelated," and "the time and money expended ... were in the
pursuit of one common goal," division of the fee based on a
plaintiff's success on one claim but failure on others is not
appropriate. Bristol Technology, 127 F. Supp. 2d at 70 (citing
J.P. Sedlak Assocs. v. Conn. Life & Cas. Ins. Co., No. 3:98-CV-

145, 2000 WL 852331, at *3–*5 & *4 n. 8 (D. Conn. Mar.31, 2000)
(discussing Connecticut law)). Where, as here, the plaintiff
succeeds on only some of its claims, given that there is no
precise rule for making the determination, "the district court
may attempt to identify specific hours that should be
eliminated, or it may simply reduce the award to account for the
limited success." Bristol Technology, 127 F. Supp. 2d at 70
(citing Hensley, 461 U.S. at 436-37).

Looking at the billing records, it is impossible to dissect
the hours worked toward proof of one claim versus another,
especially where the claims, while separate, all arose under the
Lease. Plaintiff's main claim at trial concerned the
unauthorized modifications the defendant made to the plaintiff's
home. Plaintiff prevailed on this claim and the lost rent claim
which, in my estimation represented about 80 percent of the
plaintiff's effort at trial. Based on my familiarity with how
the case was prepared and tried, the Court finds that a 20
percent across the board deduction is warranted to account for
the unsuccessful claims pursued by plaintiff.

3. Vague

Defendant objects generally to entries on the basis of
vagueness. As this Court has held on numerous occasions, "Fees
should not be awarded for time entries when the corresponding

10

description of work performed is 'vague and therefore not
susceptible to a determination of whether the time [billed] was
reasonably expended.'" Conn. Hosp. Ass'n v. O'Neill, 891 F.
Supp. 687, 690 (D. Conn. 1994) (citing Grogg v. General Motors
Corp., 612 F. Supp. 1375, 1380 (S.D.N.Y. 1985)).
Entries stating such vague references as "review of file",
"review of correspondence", "research", "conference with
client", and "preparation of brief" do not provide an adequate
basis upon which to evaluate the reasonableness of the services
and hours expended on a given matter. Mr. and Mrs. B. v. Weston
Bd. of Ed., 34 F. Supp. 2d 777, 781 (D. Conn. 1999) (citing
Conn. Hospital Ass'n v. O'Neill, 891 F.Supp. 687, 691 (D. Conn.
1994); Ragin v. Harry Macklowe Real Estate Co., 870 F. Supp. 510
(S.D.N.Y.1994); Orshan v. Macchiarola, 629 F. Supp. 1014
(E.D.N.Y.1986)).

    While a court may attempt to clarify vague entries by
looking at the context of the adjacent entries, Conn. Hosp.
Ass'n, 891 F. Supp. at 691, it is "neither practical nor
desirable" to review each entry in a massive case. Copeland, 641
F.2d at 903 ("a district court [should not], in setting an
attorney's fee, become enmeshed in a meticulous analysis of
every detailed facet of the professional representation."). 
Thus, the Second Circuit has approved a percentage reduction

method "as a practical means of trimming fat from a fee application". <u>Conn. Hosp. Ass'n</u>, 891 F. Supp. at 691 (citations omitted) (reducing attorney fee petition by ten percent for vague entries); <u>Rand-Whitney Containerboard v. Town of Montville</u>, Civ. No. 3:96CV413, 2006 WL 2839236, at * 18 (D. Conn. Sept. 5, 2006) (reducing attorney's fees by three percent for vague entries); <u>Wilder v. Bernstein</u>, 725 F. Supp. 1324, 1337 (S.D.N.Y. 1989), rev'd. on other grounds, 944 F.2d 1028 (2d Cir. 1991) (reducing the amount of fee request by twenty percent for vague entries); <u>Gonzalez v. Town of Stratford</u>, 830 F. Supp. 111, 114 (D. Conn. 1992) (reducing fee petition by ten percent to account for vague entries).

Defendant, without pointing to specific entries, argues that a reduction by one third is warranted due to vagueness. Plaintiff argues that the billing entries are not vague, but that, if the Court disagrees, at most a 10 percent reduction would be warranted. Having reviewed the billing records in detail, the Court has identified several vague entries, which are not clarified by the surrounding entries.

The entries that suffer from vagueness are those which state broadly, "conference-client", "telephone conference", "conduct legal research", "draft correspondence", or variations of these entries. Although the Court has no reason to doubt that

12

this work was done, without more detail the Court cannot fairly evaluate the reasonableness of the services and hours expended. Moreover, the Court will further deduct for entries that it finds excessive, such as an entry on January 20, 2013, by Attorney Rubrich seeking fees for 21.1 hours worked. In total, the Court finds that an additional 15 percent reduction for vague and/or excessive entries is warranted.

The Court will not further reduce the compensation for plaintiff's attorneys' travel time to 50 percent of the attorney's hourly rate. The Court finds that the deductions made fairly account for the work reasonably performed by plaintiff's attorneys and no further offsets are warranted.

As such, the court will reduce the fees sought by the Marcus Law firm as follows:

| Fee | Percentage Reduction | Percentage Reduction Amount | Subtotal |
|---|---|---|---|
| | | | |
| $   323,047.30 | 20% | $    64,609.46 | $  258,437.84 |
| $   258,437.84 | 15% | $    38,765.68 | $  219,672.16 |
| | **Total Award** | | **$  219,672.16** |

13

### D. Costs

Finally, plaintiff seeks costs and expenses totaling $10,270.04. In support of these costs plaintiff submitted a verified bill of costs with attached invoices. Defendant has not objected to the costs requested. The Court has reviewed the submitted materials and awards plaintiff costs in the amount of $10,270.04

In total, this Court awards plaintiff attorney's fees and costs as follows:

| | | |
|---|---|---|
| Attorney's Fees | $ | 219,672.16 |
| Costs | $ | 10,270.04 |
| TOTAL | $ | 229,942.20 |

### IV.    CONCLUSION

For the reasons stated, plaintiff's Motion for Attorney's Fees and Costs [doc. #242] is **GRANTED** in part in the amount of $229,942.20.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. #76] on November 2, 2011 with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 8th day of May 2013.

```
                    /s/
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```